ALBERT W. BONN AND THOMAS BUCHANNAN v. ROBERT A. HAIRE.

*Implied agreement for transfer of title.*

An understanding that title to personalty shall pass before full payment is made for it, may be implied from circumstances.

Error to Mason. Submitted Jan. 29. Decided Jan. 31.

REPLEVIN by Haire to recover possession of certain horses and oxen detained by Bonn and Buchannan, who had been employed to carry out a logging contract. Defendants bring error.

*E. N. Fitch* for plaintiffs in error.

*Wing & McMahon* for defendant in error.

MARSTON, J. This is a controversy concerning the title to certain horses and oxen.

The parties entered into a logging contract, and agreed that there should be deducted out of the last payment pay for the tools and teams furnished by Haire. February 1st, 1877, the parties met and had a settlement of account up to that date, in which the teams were charged up to Bonn and Buchannan in the account, and this settlement showed a balance in favor of Haire of $40.45. The next day a mistake was discovered in this account showing the balance to be greater than as first stated. There was evidence tending to show that at the time the parties looked over their accounts in February, plaintiff released his title to the teams to defendants and agreed upon the manner in which the balance should be paid, and there was evidence tending to show the contrary. There was also evidence tending to show that subsequent to this time another agreement was made under which defendants were to haul logs to pay for the teams. De-

fendants being in possession of the horses and oxen, plaintiff brought replevin therefor.

The court charged the jury that "if it was the understanding between the parties at the February settlement that the title was to pass to Bonn and Buchannan, then such understanding would have this effect, otherwise not. This understanding must be an express one, not an implied one.

In this last remark we think the jury were misled, and must have understood, or at least may, that unless they found an express agreement of the parties, made on the 1st of February, that the title to the teams should pass notwithstanding the fact that they had not been fully paid for, they must find for the plaintiff, and that such an agreement could not be implied from what then and subsequently took place.

Now the jury may not have been able to find that the parties did in so many words expressly agree that the title should pass, and yet they may have been satisfied that both parties understood and acted upon the assumption that such was the fact. What the parties said and did, in view of the small balance then supposed to exist, may have been equally clear and convincing, as though they may have in so many words said that the title should and did pass.

A new trial must be ordered, so that the question may be submitted to the jury under proper instructions.

Judgment reversed with costs and a new trial ordered.

The other Justices concurred.